# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20CR109 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| PAUL AYALA, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Paul Ayala's Motion to Release from Detention. (Doc. 115). For the following reasons, Defendant's Motion is **DENIED**.

### I. BACKGROUND

On February 26, 2020, a Grand Jury issued a Superseding Indictment charging Defendant with one count of Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, a violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)A) ("Count 1"); one count of Interstate Transportation in Aid of Racketeering, a violation of 21 U.S.C. § 843(b) ("Count 4"); and one count of Possession with Intent to Distribute Cocaine, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) ("Count 6"). (Doc. 16). Counts 1 and 6 carry a presumption of pretrial detention. *See* 18 U.S.C. § 3142(e)(3)(A). Defendant had previously waived his right to a Detention Hearing (Doc. 8) and his detention was continued on March 20, 2020.

On April 13, 2020, Defendant filed his Motion. (Doc. 115). The Government responded on April 15, 2020 asking the Court to deny Defendant's request. (Doc. 121).

## II. LAW & ANALYSIS

Although Defendant brings his motion "pursuant to 18 U.S.C. § 3145[1]," he really argues that circumstances have changed since his waiver of detention that justify the Court reconsidering detention in this case. A district court *may* reopen a detention hearing based on changed circumstances. 18 U.S.C. § 3142(f)(2)(B). However, the new information must 1) have been unknown to the movant at the time of the hearing; and 2) have "a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community." *United States v. Watson*, 475 Fed. App'x 598, 600 (citing § 3142(f)(2)(B)). "In other words, the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *Id.*

Defendant cites the COVID-19 virus and the conditions of correctional institutions throughout the State of Ohio as changed circumstances. While Defendant admits that he is "not within the risk category for the virus infection," Defendant argues there are conditions or combinations of release that will assure his appearance and the safety of community. (Doc. 115, PageID: 580). Due to his time already spent in custody, Defendant claims he is not a danger to the community because "[i]t is highly unlikely he will be engaging in criminal activity." (*Id.* at PageID: 581). Defendant asks that the Court release him to Arizona to reside with his family pending the resolution of his case.

The only changed circumstance that Defendant cites since his waiver of the Detention Hearing is COVID-19. The Court understands the general risks that COVID-19 presents to

---

[1] Although § 3145(b) does authorize an appeal of a Magistrate Judge's detention order, Defendant "knowingly and voluntarily, and with advice of counsel, waive[d] whatever right of appeal he ha[d] of the Magistrate Judge's Order of Detention as a result of the wavier." (Doc. 8, PageID: 91).

certain populations, including those is jails and prisons. But courts throughout the country "have held that these risks, without more, do not amount to a 'material change of circumstances warranting a renewed evaluation of [a] prior detention order." *United States v. Tawfik*, 2020 WL 1672655, at *2 (E.D. Mich. Apr. 6, 2020) (citing cases finding same). The existence of COVID-19 in our country has no impact on Defendant's flight risk or danger to the community. While Defendant has no reported criminal history, the current alleged offense is serious. Defendant is alleged to have driven from Illinois to Ohio with 15 kilograms of cocaine hidden in his car. This amount of controlled substances in the community is certainly dangerous. The offense also shows ties to an extensive criminal enterprise throughout the country. Moreover, Defendant has ties to Mexico. These serious charges carry serious consequences should a conviction ensue. Given these considerations, the Court sees that Defendant has both an incentive to flee and the wherewithal to do so.

Moreover, Defendant has not demonstrated that he has been exposed to the virus. Prison officials and Federal authorities are taking the proper precautions to limit the spread of the virus.[2] (*See* Doc. 121, PageID: 612-13). Defendant is young, has no significant medical history and has admitted he is a low-risk individual should he contract the virus. His requested relief is based on conjecture of what may happen to him should an outbreak of COVID-19 occur at the facility.

Accordingly, since the new information of COVID-19 neither reasonably assures Defendant's appearance at trial nor the safety of others in the community, the Court declines to reopen the detention hearing and maintains Defendant's detention.

---

[2] As of April 19, 2020, Northeast Ohio Correctional Center—the facility where Defendant is currently detained—has reported that no inmates have contracted COVID-19. (https://drc.ohio.gov/Portals/0/DRC%20COVID-19%20Information%2004-19-2020%20%201305.pdf) (last accessed Apr. 20, 2020). The institution is in lockdown as a precautionary measure due to the positive test of one of the facility's contractors.

- 4 -

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion (Doc. 115) is **DENIED**.

**IT IS SO ORDERED.**

                                              **s/ Christopher A. Boyko**
                                              **CHRISTOPHER A. BOYKO**
                                              **Senior United States District Judge**

**Dated: April 20, 2020**